UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers:)** DEFENDANTS' MOTION TO DISMISS CASE (Docket #7, filed October 9, 2012)

## I.    INTRODUCTION

Plaintiffs filed the instant action in this Court on June 20, 2012. Plaintiffs' complaint asserts thirteen claims for relief arising out of the allegedly wrongful foreclosure of their home.

On October 9, 2012, defendants filed a motion to dismiss the complaint. Although plaintiffs did not file a timely opposition, at a hearing held by the Court on November 19, 2012, counsel for plaintiffs appeared and the Court granted plaintiffs leave to file a late opposition. Plaintiffs filed an opposition on November 26, 2012, and defendants replied on December 3, 2012. Pursuant to the Court's November 19, 2012 order, the matter stands submitted. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

This lawsuit arises out of the allegedly wrongful foreclosure of real property located at 693 Royce Street, Altadena, California, 91001 ("the property"). Comp. ¶ 8. On February 7, 2007, plaintiffs executed a note in favor of Quality Home Loans, which was secured by a deed of trust to the property. Id. ¶ 25. A foreclosure sale took place on January 27, 2012. Def. RJN Ex. 6.

The gravamen of plaintiffs' complaint is that certain irregularities occurred in connection with the securitization of their mortgage loan, and that as a result, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

had no right to foreclose on the property. Comp. ¶¶ 28 – 51. Plaintiffs also allege that the servicer of their mortgage falsely stated that plaintiffs had to miss payments on their mortgage in order to qualify for a favorable loan modification. Id. ¶¶ 63 – 64.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   ANALYSIS

### A.   Plaintiffs' Claims Challenging the Foreclosure of the Property

Plaintiffs argue that defendants had no right to initiate the foreclosure process against the property because defendant Citibank, N.A. ("Citibank") was never legally assigned plaintiffs' deed of trust and note. See, e.g., Comp. ¶ 80; see also Def. RJN Ex 7 (assigning deed of trust and note to Citibank). The documents assigning plaintiffs' deed of trust and note to Citibank state that "all beneficial interest" under plaintiffs' deed of trust "together with the note . . . therein described" are assigned to Citibank as "trustee for the benefit of the certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-QH1." Id. According to plaintiff, this assignment was invalid because it did not comply with the terms of the Pooling and Service Agreement ("PSA") that governed the securitization of plaintiffs' mortgage, and because it was invalid under New York trust law due to the fact that it was executed four years after the closing of the CWABS Trust, the entity for which Citibank was acting as trustee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

The California Court of Appeals has considered and rejected similar arguments. Fontenot v. Wells Fargo Bank, 198 Cal. App. 4th 256, 271 (Cal. App. 1st 2011). In Fontenot, the plaintiff challenged a nonjudicial foreclosure sale on the grounds that a defendant "lacked authority to foreclose, never having received a proper assignment of the debt." Id. The court rejected this argument pursuant to the principle that "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." Id. at 272. In particular, the court explained that the "assignment merely substituted one creditor for another, without changing her obligations under the note," and pointed out that plaintiff failed to allege how "the transfer to [the defendant] interfered in any manner with her payment of the note." Id. Additionally, the court observed that if there were any irregularities in the assignment of the debt, "the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." Id. at 272.

Here, as in Fontenot, plaintiffs have not set out any plausible theory explaining how the alleged violations of the PSA or New York trust law were prejudicial to plaintiffs' interests. Plaintiffs do not, for example, allege that the default and foreclosure sale occurred only because they made timely payments to the assignor of the debt as opposed to the assignee, or that the violations of New York trust law somehow kept timely payments from being properly credited to their account. Without tethering the alleged violations of the PSA and New York trust law to their interests, plaintiffs are attempting to challenge their foreclosure based solely on irregularities that do not actually affect them, and California law therefore bars their claims. See, e.g., Bascos v. Fed. Home Loan Mort. Corp., 2011 WL 3157063, 6 (C.D. Cal. 2011); Gilmore v. American Mortg. Network, 2012 WL 6193843, 9 (C.D. Cal. 2012). Consequently, plaintiffs' claims challenging the foreclosure sale (claims 1, 9 – 11) should be dismissed.

    **B.**    **Plaintiffs' Claim Pursuant to 15 U.S.C. § 1641(g)**

15 U.S.C. § 1641(g) provides:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

Plaintiffs allege that defendant Citibank violated 15 U.S.C. § 1641(g) by failing to notify plaintiffs when it was assigned plaintiffs' note and deed of trust on July 2011. Def. RJN Ex. 7.[1] Plaintiffs request statutory damages and actual damages arising from Citibank's failure to provide notice. Comp. ¶ 113.

Defendants argue that this claim fails because actual damages are a required element of a claim under 15 U.S.C. § 1641(g), and plaintiffs have not plausibly alleged actual damages. District courts considering whether a plaintiff must plead actual damages to state a 15U.S.C. § 1641(g) claim have reached conflicting results. See, e.g., Foley v. Wells Fargo Bank, N.A., 849 F. Supp. 2d 1345, 1350 – 1351 (collecting cases); Byrd v. Guild Mortg. Co., 2011 WL 6736049, 5 (S.D. Cal. 2011) (plaintiff must allege actual damage or finance charge related to failure to provide notice); Vogan v. Wells Fargo Bank, N.A., 2011 WL 5826016, 5 (E.D. Cal. 2011) (plaintiff may recover statutory damages even if actual damages are not recoverable). For the reasons set out below, the Court finds that actual damages are not a required element of a claim under § 1641(g).

The Truth in Lending Act's civil liability provisions are set out in 15 U.S.C. § 1640. Pursuant to § 1640(a):

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including . . .

---

[1] A substantial portion of defendants' briefing focuses on the position that Bank of America, N.A. is not subject to liability under § 1641(g) because it is acting as a servicer, not as a creditor. Plaintiffs' opposition makes clear that this claim is only being asserted against Citibank, not Bank of America.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

> subsection (f) or (g) of section 1641 of this title . . . with respect to any person is liable to such person in an amount equal to the sum of–
>
> (1) any actual damage sustained by such person as a result of the failure
> * * * *
> (2)(A)(iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000. . .

15 U.S.C. § 1640(a). Under these provisions, "statutory damages are available merely on proof of a violation; no proof of actual damages is required." Baker v. G.C. Services Corp., 677 F.2d 775, 780 (9th Cir. 1982); see also In re Ferrell, 539 F.3d 1186, 1190 (9thCir. 2008) ("The Truth in Lending Act provides a cause of action for consumers to obtain actual or statutory damages . . ."); Clausen v. Beneficial Finance Co. of Berkeley, 423 F. Supp. 985, 990 (N.D. Cal. 1976) (awarding statutory damages but finding no actual damages).

Although statutory damages are not recoverable for violations of all sections of the Truth in Lending Act, any exceptions to the general rule that statutory damages are available appears to be set out explicitly in § 1640(a). See In re Ferrell, 539 F.3d at 1190. However, nowhere in § 1640(a) are violations of § 1641 exempted from the statutory damages remedies. Consequently, it appears that plaintiff may recover statutory damages for any violation of § 1641(g), even if plaintiff cannot demonstrate actual damages.

Defendants also argue that Citibank cannot be held liable under § 1641(g) because it is not a "creditor" under the Truth in Lending Act. The meaning of the term "creditor" in the Truth in Lending Act was originally defined in 15 U.S.C. § 1602(g) as follows:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

As the Ninth Circuit recently recognized, however, Congress broadened the definition of "creditor" in the Truth in Lending Act through the passage of § 1641(g). Gale v. First Franklin Loan Services, — F.3d —, 2012 WL 3764700, 5 (9th Cir. 2012) ("In the 2009 amendments . . . Congress added § 1641(g), which suggests that the narrow definition of 'creditor' in § 1602 is no longer valid."). Under the broadened definition, "creditors" include both "the person to whom the debt . . . is initially payable" as well as "new owner[s] or assignee[s] of the debt." Id.; see also 15 U.S.C. § 1641(g)(1).

Citibank argues that it is not a "creditor" under the Truth in Lending Act because it was assigned the deed of trust and the note as "trustee for the benefit of the certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-QH1." Def. RJN Ex. 7. Presumably, defendants' position is that Citibank therefore is not subject to § 1641(g) because it is not the owner of the loan, but is instead only a trustee for the owners. See Mot. at 15 ("Citibank merely held the loan in trust for the owner of the loan."). The text of § 1641(g), however, places obligations on the "new owner or assignee of the debt," not just the new owner of the debt, 15 U.S.C. § 1641(g), and the "Corporation Assignment of Deed of Trust" contains language that "assigns" plaintiffs' note and "the money due and to become due thereon with interest" to Citibank. Def. RJN Ex. 7. Therefore, even if Citibank is not subject to liability as the "owner" of the debt, it still is a "creditor" within the meaning of the statute because it is the "assignee" of the debt. Accordingly, the Court rejects defendants' argument that it is not a creditor subject to § 1641(g).

The Court therefore finds that plaintiffs' claim for statutory damages pursuant to 15 U.S.C. § 1641(g) should not be dismissed.

### C.     Plaintiffs' Claim for Negligence

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (Cal. App. 2d 1998). Defendants argue that plaintiffs have not – and cannot – allege the duty element of a claim for negligence because "absent special circumstances a loan transaction is at arms-length and no duties arise from the loan transaction outside of those in the agreement." Castaneda v. Saxon Mortg. Services, Inc., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009). In response, plaintiffs argues that a duty exists in this case because the borrower-lender relationship in this case was "unconventional," and also argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

whether a lender owes a duty of care to a borrower involves balancing California's six factor test for determining whether a duty exists. Osei v. Countrywide Home Loans, 692 F. Supp. 2d 1240, 1249 (E.D. Cal. 2010) (citing Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1098 (Cal. App. 3d 1991)). Specifically, plaintiffs state that their relationship with defendant Citibank is "unconventional" because Citibank collected payments as a trustee for the CWABS trust.

Plaintiffs' opposition fails to set out why Citibank's status as a trustee creates special circumstances that would give rise to a duty of care. Additionally, plaintiffs' opposition does not specify how Citibank or any other defendants violated any duty of care.[2] Consequently, the Court finds that plaintiffs' claim for negligence should be dismissed.[3]

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss. With the exception of plaintiffs' claim pursuant to 15 U.S.C. § 1641(g), plaintiffs' claims are dismissed without prejudice.

---

[2] Plaintiffs' complaint states that "Servicer breached their duty to Plaintiff by not properly crediting the Plaintiffs' account or distributing the Plaintiffs' appropriately and by applying to Plaintiffs' account charges which are illegal, unauthorized, or improper. . .". Comp. ¶ 93. This allegation is not pursued in plaintiffs' opposition, and the complaint neither specifies which payments were not properly credited nor does it give any other factual detail that renders this theory plausible. If plaintiffs intend to pursue the theory that there were defects in the manner in which defendants handled their payments, it must be pled in a non-conclusory fashion in an amended pleading.

[3] Plaintiffs only opposed the motion to dismiss the wrongful foreclosure claims, the claim under 15 U.S.C. § 1641(g), and the claim for negligence. Consequently, because there is no opposition to defendants' motion to dismiss plaintiffs' other claims, the Court finds that they should be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | December 20, 2012 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

Plaintiffs must file by **January 21, 2012** an amended pleading that corrects the deficiencies mentioned above.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |