UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    'O'

**AMENDED CIVIL MINUTES - GENERAL**        JS-6

| Case No. | CV 12-5368 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants

Batkhand Zoljargal        Parisa Jassim

**Proceedings:**   DEFENDANTS' MOTION TO DISMISS CASE (Docket #17, filed February 22, 2013) JS-6

## I.   INTRODUCTION

Plaintiffs filed the instant action in this Court on June 20, 2012, and filed a First Amended Complaint ("FAC") on January 23, 2013. Plaintiffs' FAC asserts seven claims for relief arising out of the allegedly wrongful foreclosure of their home. On February 22, 2013, defendants filed a motion to dismiss the FAC. Plaintiffs filed an opposition on March 4, 2013, and defendants filed a reply on March 12, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

This lawsuit arises out of the allegedly wrongful foreclosure of real property located at 693 Royce Street, Altadena, California, 91001 ("the property"). FAC ¶ 8. Plaintiffs are the former owners of the property. Id. On February 7, 2007, plaintiffs executed a note in favor of Quality Home Loans, which was secured by a deed of trust to the property. Id. ¶ 23. A foreclosure sale took place on January 27, 2012. Def. RJN, Dkt. #17-1, Ex. 8.

The gravamen of plaintiffs' complaint is that various irregularities occurred in connection with the securitization and servicing of their mortgage loan, and that as a result, defendants had no right to foreclose. FAC ¶¶ 28 – 51. Plaintiffs also allege that after they became delinquent on their loan payments, their servicer falsely stated that plaintiffs had to miss payments on their mortgage in order to qualify for a favorable loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

modification. Id. ¶¶ 26 – 27. Plaintiffs also allege that defendants engaged in "dual tracking," but do not explain what is meant by "dual tracking." Id. ¶ 29.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

### A. Plaintiffs' Claims Challenging the Foreclosure of the Property

Most of plaintiffs' claims challenge the foreclosure of the property pursuant to various theories of relief. Many of plaintiffs' allegations are vague and conclusory, and the Court disregards them. See, e.g., FAC ¶ 28 ("Plaintiffs allege that Defendants Citibank and BAC failed to comply with applicable mortgage servicing regulations, guidelines and agreements and as such a condition precedent to acceleration and foreclosure has been violated requiring the dismissal of the underlying foreclosure action."); Iqbal, 556 U.S. at 679 ("a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiffs have, however, specified two particular instances of allegedly wrongful conduct. First, plaintiffs allege that defendants wrongfully told them to miss two mortgage payments in order to qualify for a loan modification. Id. ¶ 27. Second, plaintiffs allege that the Notice of Default recorded for the property incorrectly lists TD Service Company as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

trustee under the deed of trust. Defendants contend that plaintiffs cannot assert a claim challenging the foreclosure based on these irregularities.

California law requires that a plaintiff suing for wrongful foreclosure must explain how any alleged irregularities or imperfections that occurred in connection with the foreclosure were prejudicial to the plaintiff's interests. Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011). A connection between prejudice suffered by the plaintiff and alleged violations of the law governing foreclosures is crucial because, among other reasons, California's nonjudicial foreclosure scheme does not allow a plaintiff to bring a lawsuit for the sole purpose of determining whether a party has the right to initiate a foreclosure. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 – 1156 (2011). A plaintiff who only asserts legal violations wholly disconnected from any prejudice he or she has suffered is indistinguishable from a plaintiff who brings a lawsuit for the sole purpose of determining whether a foreclosing party is legally entitled to foreclose. Allowing a plaintiff to assert a wrongful foreclosure claim under these circumstances would improperly "interject the courts into [California's] nonjudicial scheme." Id. at 1154.

Here, plaintiffs do not provide any explanation regarding why the alleged defects in the Notice of Default were prejudicial to their interests. Similarly, plaintiffs do not plead any specific allegations providing a connection between plaintiffs' foreclosure and defendants' misrepresentations about missing payments in order to qualify for a loan modification. Plaintiffs' wrongful foreclosure claims (claims 1 – 3, 6 – 7) should therefore be dismissed because plaintiffs have failed to identify any prejudice they have suffered from alleged irregularities in the foreclosure process, and because prejudice is required prior to bringing wrongful foreclosure claims, the Court finds that leave to amend is futile.

### B. Plaintiffs' Truth in Lending Act Claim

15 U.S.C. § 1641(g) provides:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

Plaintiffs allege that 15 U.S.C. § 1641(g) was violated when an Assignment of Deed of Trust was recorded on July 12, 2011, with defendant Citibank listed as trustee. In response, defendants argue that recording an assignment of a deed of trust is not a "transfer" or "assignment" within the meaning of § 1641(g) because no ownership interest in the loan is transferred when a deed of trust is recorded. Additionally, defendants argue that because defendant Citibank was assigned plaintiffs' note in 2007, any beneficial interest in the deed of trust was actually transferred at that time. Request for Judicial Notice Ex. 2. Since § 1641(g) did not become effective until 2009, defendants conclude that it no violation this provision has occurred.

The Court agrees with defendants. Under California law, "[t]he assignment of a debt secured by a mortgage carries with it the security." Cal. Civ. Code § 2936. Consequently, when plaintiffs' debt was assigned to Citibank in 2007, Citibank acquired a beneficial interest in the deed of trust at that time. See, e.g., Domarad v. Fisher & Burke, Inc., 270 Cal. App. 2d 543, 553 (1969) ("[W]e note the following established principles: that a deed of trust [is] a mere incident of the debt it secures and that an assignment of the debt carries with it the security . . . that a deed of trust is inseparable from the debt and always abides with the debt, and it has no market or ascertainable value, apart from the obligation it secures . . . and that a deed of trust has no assignable quality independent of the debt."). No transfer of plaintiffs' note or deed of trust occurred in 2011, and therefore no violation of § 1641(g) occurred.

In fact, plaintiffs only allege that the assignment of the deed of trust was recorded in 2011, not that it occurred in 2011. As discussed above, however, recordation of an assignment is not necessary to actually transfer the deed of trust, but instead operates to give constructive notice to third parties. See Cal. Civ. Code § 2934; Quintero Family Trust v. OneWest Bank, F.S.B., 2010 WL 39312, at *7 n.6 (S.D. Cal. Jan. 27, 2010). Moreover, plaintiffs offer no argument concerning why § 1641(g) – which applies when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5368 CAS (JCGx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | DARRYL FLEMISTER, ET AL. V. CITIBANK, N.A., ET AL. | | |

"mortgage loan is sold or otherwise transferred" – would apply when recordation of an assignment occurred.  Therefore, plaintiffs have failed to state a claim under § 1641(g). Moreover, because plaintiffs' claim arises out of a transfer that took place in 2007, two years before the effective date of § 1641(g), the Court finds that leave to amend would be futile.[1]

**V.    CONCLUSION**

Accordingly, the Court hereby DISMISSES plaintiffs' FAC with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

[1] Plaintiffs failed to oppose defendants' motion to dismiss their claim under the Fair Debt Collection Reporting Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  For that reason, and because plaintiff has only stated conclusory allegations in support of the claim, it should be dismissed.  Moreover, because this is the second time plaintiff has failed to oppose defendants' motion to dismiss plaintiffs' FDCPA claim, the Court finds that the claim should be dismissed with prejudice.